IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

JENNA CUELA,
    Plaintiff,

v.

ESSENTIAL SMOOTHIES LLC,
    Defendant.

Case No. 2:25-cv-02205-JEH-RLH

### Order

Now before the Court is the Defendant's Motion to Dismiss Plaintiff's Complaint (D. 13) and the Plaintiff's Motion to Strike Extrinsic Evidence (D. 15).[1] For the reasons set forth *infra*, the Court denies the Motion to Dismiss (D. 13) and moots the Motion to Strike Extrinsic Evidence (D. 15). Pursuant to Civil Local Rule 16.1(B), the Court directs the parties to submit to a settlement conference with the Magistrate Judge. If the parties are unable to reach a settlement, the Magistrate Judge will proceed with setting a scheduling order.

I

On July 10, 2025, the Plaintiff filed her Complaint. (D. 1). On November 19, 2025, the Defendant filed a Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6) and in the Alternative seeks Conversion into Summary Judgment Pursuant to Rule 12(d) and Rule 56. (D. 13). On December 3, 2025, the Plaintiff filed its Memorandum in Opposition to the Motion to Dismiss. (D. 14). On December 4, 2025, the Plaintiff filed a Motion to Strike Extrinsic Evidence attached to the Defendant's Motion to Dismiss.[2] (D. 15). The matter is now fully briefed.

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."
[2] For reasons explained below, the Court need not wait for the Defendant's Response to the Motion to Strike Extrinsic Evidence because the Court ultimately denies the Defendant's Motion (D. 13) even with the Extrinsic Evidence that it included.

## II

According to the Complaint, Plaintiff, Jenna Cuela ("Cuela") was an employee of Essential Smoothies LLC ("ES"), the Defendant in this case. (D. 1 at ECF p. 2). At all relevant times, Plaintiff was a female and pregnant. *Id.* at ECF p. 3. Cuela alleges that she worked as a "Crew Member" from May 18, 2025 "until she was wrongfully terminated on or around May 20, 2025." *Id.* at ECF p. 3. On May 18, 2025, she claims that she interviewed for a "Team Member" position at ES and was nineteen weeks pregnant at the time of the interview. *Id.* Cuela did not disclose her pregnancy and claims she was offered the position "during her second interview that same day." *Id.* Subsequently, Plaintiff alleges she was asked to come in and shadow operations on May 19, 2025, but that it was rescheduled for May 20, 2025, because of staffing issues at ES. *Id.* On May 20, 2025, when she arrived, Plaintiff alleges that Denise Smith ("Smith"), one of the owners of ES, approached her and said, "I heard that you were expecting." *Id.* Plaintiff claims she was also told by Smith that "I would not have hired you if I knew that." *Id.* Afterwards, Smith allegedly asked Plaintiff "if she planned to nurse the baby, to which Plaintiff responded that she did." *Id.* "Plaintiff was then told that they cannot give her all that time off, so she can just go home and that maybe she can work there when she's not pregnant." *Id.* Plaintiff states she was surprised by Smith's alleged remarks because Plaintiff had never disclosed that she was pregnant. *Id.* at ECF p. 3-4. Plaintiff claims she was terminated just two days after being hired when Smith discovered she was pregnant. *Id.* at ECF p. 4.

Based on these allegations, the Plaintiff filed the instant, four-Count Complaint. (D. 1 at ECF p. 1-9). In Counts One and Two, Cuela alleges sex-discrimination and retaliation in violation of Title VII; in Counts Three and Four, Cuela alleges a failure to accommodate and retaliation in violation of the Pregnant Workers Fairness Act ("PWFA"). (D. 1 at ECF p. 4-8). The Defendant moved to dismiss all Counts of the Plaintiff's Complaint pursuant to Rule 12(b)(6), and, alternatively, asks the Court to convert the Motion to Dismiss pursuant to Rule 12(d), and treat the Motion as one for Summary Judgment pursuant to Rule 56. (D. 13 at ECF p. 1). After filing its Memorandum

in Opposition to the Motion to Dismiss (D. 13), the Plaintiff also filed a Motion to Strike Extrinsic Evidence Attached to the Defendant's Motion to Dismiss (D. 15); in the alternative, Plaintiff asks the Court to provide an opportunity to conduct discovery and present evidence of its own. (D. 15 at ECF p. 3). However, as explained further below, because the Court ultimately finds that genuine disputes of material fact remain — even without additional briefing from the Plaintiff — the Court need not wait for further materials from the Plaintiff before ruling on the Defendant's Motion.

### III

"Rule 12(d) requires a court to treat a Rule 12(b)(6) motion as one for summary judgment if 'matters outside the pleadings are presented to and not excluded by the court.'" *Texas Hill Country Landscaping, Inc. v. Caterpillar, Inc.*, 522 F. Supp. 3d 402, 412 (N.D. Ill. 2021) (quoting FED. R. CIV. P. 12(d)).[3] "Before converting the motion, '[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.'" *Id.* (quoting FED. R. CIV. P. 12(d)). "A district court has discretion as to whether to convert [the motion] into a motion for summary judgment." *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020). "If, however, a court chooses to consider materials outside the pleadings, the discretion ends and the court 'must' treat the motion as one for summary judgment." *Id.* Because the Court considers the materials submitted as exhibits by the Defendant which are outside of the pleadings, the Court applies the summary judgment standard consistent with Rule 12(d) and Rule 56 which is as follows.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The moving party has the burden of providing proper documentary evidence to show the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323-24. Once the moving party

---

[3] Rule 12(d) states, in its entirety, "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." FED. R. CIV. P. 12(d).

has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrate that there is a genuine issue for trial. *Gracia v. Volvo Europa Truck, N.V.*, 112 F.3d 291, 294 (7th Cir. 1997). "[A] party moving for summary judgment can prevail just by showing that the other party has no evidence on an issue on which that party has the burden of proof." *Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1183 (7th Cir. 1993). "The parties must support their assertions that a fact cannot be or is genuinely disputed by citing to 'particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . ..'" *Horton v. Pobjecky*, 883 F.3d 941, 948 (7th Cir. 2018). However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment . . . [I]t is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." *Id.* at 248. "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in the non-movant's favor." *Anderson*, 477 U.S. at 255 (1986). Finally, a scintilla of evidence in support of the non-movant's position is not sufficient to successfully oppose a summary judgment motion; "there must be evidence on which the jury could reasonably find for the [non-movant]." *Id.* at 250.

In Counts One and Two, the Plaintiff alleges the Defendant unlawfully discriminated against her based on her sex and retaliated against her in violation of Title VII, respectively. (D. 1 at ECF p. 4-6). In Counts Three and Four, Plaintiff alleges the Defendant unlawfully failed to accommodate her and retaliated against her in violation of the PWFA. (D. 1 at ECF p. 6-8). In moving to dismiss the Complaint, the Defendant challenges each Count of the Complaint on the same grounds. First, the Defendant asserts that the Plaintiff's allegations are conclusory and unsupported by facts and, second,

contends the Plaintiff was never an "employee" of the Defendant and, therefore, the Plaintiff does not qualify for protection under either Title VII or the PWFA. (D. 13 at ECF p. 1) ("The entirety of Plaintiff's Complaint is dependent on allegations that Plaintiff was an 'employee' of the Defendant . . . Plaintiff was never hired and never worked for the Defendant."). In the interest of resolving the first contention promptly, the Court disagrees with the Defendant's argument that the Plaintiff's allegations are conclusory; she has pled sufficient facts in support of her contentions. "All the complaint need do is state a grievance. Details and proofs come later." *Thomas v. JBS Green Bay, Inc.*, 120 F.4th 1335, 1337-38 (7th Cir. 2024). With that argument foreclosed, that leaves the Court to resolve whether there remains a genuine dispute of material fact as to whether the Plaintiff can prove her claims arising under Title VII and the PWFA, notwithstanding the Defendant's argument and evidence ostensibly proving she was never an "employee." For the reasons that follow, the Court finds that there are genuine disputes of material fact the preclude the entry of judgment in the Defendant's favor at this stage.

**A**

Count One alleges that the Defendant discriminated against the Plaintiff based on her sex in violation of Title VII. (D. 1 at ECF p. 4-5). In response, the Defendant argues that Plaintiff was never an employee under 42 U.S.C. § 2000e(f) and, therefore, this matter should be dismissed with prejudice. (D. 13-1 at ECF p. 5). However, Title VII is not so narrow as to only apply to *bona fide* employees. *See* 42 U.S.C. § 2000e-2(a). "Section 2000e-2(a) states that an employer engages in unlawful employment practices if it fails or refuses to hire an individual because of that individual's race, color, religion, sex, or national origin." *Wilson v. Cook Cnty.*, 742 F.3d 775, 784 (7th Cir. 2014) (citing 42 U.S.C. § 2000e-2(a)). "By its own terms, then, applicants for employment positions are afforded protection against discriminatory hiring decisions even before the employment relationship has been established." *Id.* "A prospective relationship will suffice: no one doubts that a prospective employee may bring a Title VII claim if she alleges she was

denied a position on the basis of her sex."[4] *Wilson*, 742 F.3d at 784. Therefore, even though the parties dispute whether the Plaintiff was employed by the Defendant under 42 U.S.C. § 2000e(f), it is not dispositive of the outcome of Count One. That is because Plaintiff contends the "facts clearly establish her status as a job applicant" (D. 14 at ECF p. 7) in addition to her allegations that she "was treated less favorably than similarly situated employees outside of Plaintiff's protected class," and that the Defendant "terminated Plaintiff's employment on the basis of Plaintiff's sex." (D. 1 at ECF p. 5). The Seventh Circuit has made clear that "applicants for employment positions are afforded protection against discriminatory hiring decisions even before the employment relationship has been established." *Wilson*, 742 F.3d at 784. That is doubly true, where, as here, the Court is required to draw all reasonable inferences in favor of the non-movant, Plaintiff, who asserts—contrary to the Defendant's position—that she was employed by ES. *See, e.g.*, (D. 1-3 at ECF p 2-3) (Plaintiff's EEOC Charge alleges she was "employed by Essential Smoothies as a crew member from on or about May 18, 2025 until on or about May 20, 2025"). Therefore, the Court agrees with the Plaintiff that the instant case contains genuine disputes of material fact that preclude granting judgment in the Defendant's favor on the basis ES asserts. There remains a genuine dispute about whether Plaintiff was employed and, even if she was not, the Defendant does not appear to dispute the Plaintiff was an applicant. To the contrary, the Defendant's Motion (D. 13-1 at ECF p. 2), and exhibits appear to at least confirm as much—that the Plaintiff was an applicant—and that the Plaintiff had interviewed for a position with ES. *See, e.g.*, (D. 13-2 at ECF p. 1-3). The Seventh Circuit has held Title VII also affords protections to applicants. *See Wilson*, 742 F.3d at 784. Thus, contrary to the Defendant's proposition, there remains a genuine dispute as to whether Plaintiff was an employee; and, even if she was not, it is not determinative of the instant cause of action. The Court therefore denies the Motion as to Count One.

---

[4] Title VII defines the term "on the basis of sex" to include "because of or on the basis of pregnancy, childbirth, or related medical conditions". 42 U.S.C. § 2000e(k).

B

In Count Two, the Plaintiff alleges retaliation in violation of Title VII. (D. 1 at ECF p. 5-6). To prove her claim, Plaintiff must "present evidence of (1) a statutorily protected activity; (2) a materially adverse action taken by the employer; and (3) a causal connection between the two." *Volling v. Kurtz Paramedic Servs. Inc.*, 840 F.3d 378, 383 (7th Cir. 2016). The Defendant challenges Count Two on the basis that Plaintiff was never employed by ES, and, therefore, the Court ought to grant summary judgment in its favor. (D. 13-1 at ECF p. 5-8). But, as the Plaintiff points out, "Title VII of the Civil Rights Act . . . explicitly protects job applicants from discrimination." (D. 14 at ECF p. 6). The Seventh Circuit has held that "Title VII's anti-retaliation provision makes it 'an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment . . . because [she] has opposed any practice made an unlawful employment practice by this subchapter.'" *Alam v. Miller Brewing Co.*, 709 F.3d 662, 667 (7th Cir. 2013) (quoting 42 U.S.C. § 2000e-3(a)). Thus, whether the Plaintiff was an employee is not outcome determinative of the Plaintiff's claim because Title VII also applies to applicants. *See id.* Moreover, while the Defendant has submitted evidence ostensibly foreclosing any argument that the Plaintiff was employed by ES, there remains a genuine dispute of material fact as to whether the Plaintiff was an employee. For example, the Defendant submits that, "[a]fter careful consideration of Plaintiff's credentials, ES decided not to proceed with hiring Plaintiff." (D. 13-1 at ECF p. 3). The Defendant also attached as an exhibit an email sent to the Plaintiff on May 20, 2025, at 8:36 AM which states:

> Hello Jenna, thank you for taking the time to apply for the position with us and for your interest in joining our team. After careful consideration, we have decided to move forward with another candidate whose qualifications more closely align with the needs of the role. This was not an easy decision as we received applications from many talented individuals, including yourself. We sincerely appreciate your time and effort and wish you the best in your job search and future endeavors. Thank you again for your interest in Essential Café.

(D. 13-1 at ECF p. 3). Viewed in the light most favorable to the Plaintiff, the Defendant's email does not foreclose the potential veracity of Plaintiff's argument that, two days earlier, on May 18, 2025, she "was offered the position during her second interview that same day." (D. 1 at ECF p. 3). Thus, there remains a genuine and material dispute as to whether the Plaintiff was offered the job on May 18, 2025, two days before she was sent the email above. Indeed, according to the Defendant's exhibit dated May 19, 2025, Plaintiff was sent the following text one day after she was allegedly offered the job, "Hi Jenna! I hope your Monday is starting off amazing! We are short staffed today and you wouldn't be shown the full experience of Essential Smoothies. Are you available to come in tomorrow at 11am?" (D. 13-4 at ECF p. 7). According to the Defendant's exhibit, Plaintiff responded, "Of course, Will this be paid training?", to which the Plaintiff was told, "Thanks! Tomorrow is just a shadowing/ walk through of operations. After that you're free to leave. Not a training or paid training." *Id.* Thereafter, Plaintiff alleges, and the Defendant disputes, that she arrived to shadow as scheduled on May 20, 2025, when one of the owners told her "I heard that you were expecting", and, "I would not have hired you if I knew that." (D. 1 at ECF p. 3). Plaintiff also claims she informed the Defendant she planned to nurse the baby and was told the Defendant "cannot give her all that time off, so she can just go home and that maybe she can work there when she's not pregnant." *Id.* The Defendant claims that Plaintiff "never appeared for the third and final interview which was set . . . on May 20, 2025, and the email notifying her of non-employment was sent 4 hours and 24 minutes prior to the scheduled third interview." (D. 13-1 at ECF p. 3). These conflicting accounts of what happened—genuine disputes of material fact—prevent the Court from granting judgment in favor of the Defendant at this juncture and therefore the Court denies the Motion as to Count Two.

C

In Counts Three and Four, the Plaintiff alleges a failure to accommodate and retaliation in violation of the PWFA. Among other things, "[t]he PWFA provides that it is an unlawful employment practice for a covered employer to 'not make reasonable accommodations to the known limitations related to the pregnancy, childbirth, or related medical conditions of a qualified employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity." *Keiper v. CNN Am., Inc.*, 2024 WL 5119353 (Dec. 16, 2024, E.D. Wisc.) (quoting 42 U.S.C. § 2000gg-1(1)). The Defendant asks the Court to grant judgment in its favor because the Plaintiff does not qualify as an "employee" as defined by 42 U.S.C. § 2000e(f). (D. 13-1 at ECF p. 5-8). But who qualifies as an employee under the PWFA is not governed by 42 U.S.C. § 2000e(f), that definition is a part of Title VII. *See Wilson*, 742 F.3d at 784 (referring to Title VII as codified in "42 U.S.C § 2000e, *et seq.*"). To the contrary, and as the Plaintiff correctly notes, 42 U.S.C. § 2000gg provides the appropriate definitions governing who is covered by the PWFA. *See, e.g.*, 42 U.S.C. § 2000gg(3), (6). Those definitions expressly include applicants, among others. *See id.* Therefore, the Court denies the Motion because there remains a genuine dispute of material fact as to whether the Plaintiff was entitled protection under § 2000gg of the PWFA.

IV

For the reasons set forth *supra*, the Court denies the Motion to Dismiss (D. 13) and moots the Motion to Strike Extrinsic Evidence (D. 15). Pursuant to Civil Local Rule 16.1(B), the Court directs the parties to submit to a settlement conference with the Magistrate Judge. If the parties are unable to reach a settlement, the Magistrate Judge will proceed with setting a scheduling order.

*It is so ordered.*

Entered on December 10, 2025

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE